Phyllis E. MacWHORTER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–935.

United States Court of Veterans Appeals.

Submitted Feb. 14, 1992.

Decided July 31, 1992.

Michael P. Horan, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Adrienne Koerber, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

NEBEKER, Chief Judge:

The Secretary of Veterans' Affairs (Secretary) moved for reconsideration of this Court's January 31, 1992, *MacWhorter* decision. *MacWhorter v. Derwinski*, 2 Vet. App. 133 (1992) (hereinafter *MacWhorter I*). Appellant was invited to file a response and has done so. We grant reconsideration and amend the opinion to the extent it granted appellant complete relief.

## I.

■ *MacWhorter I* deemed General Counsel's failure to file a brief addressing issues and concomitant relief, beyond his partial confession of error in a motion to remand, to constitute a concession of error and therefore a basis for reversing the Board of Veterans' Appeals (Board) decision. In his motion for reconsideration, the Secretary argues that the Court's reliance upon *Alameda v. Secretary of HEW*, 622 F.2d 1044, 1049 (1st Cir.1980), is misplaced. We are unpersuaded by his argument, and remain convinced that, under U.S.Vet.App. Rule 31(c), the Court has the authority to deem the Secretary's failure to file an appropriate response a concession of error. The Secretary next argues that his motion to stay further proceedings preserved his right to brief the appeal; however, since no action on that part of the multi-purpose motion was taken, no such stay exists.

■ Lastly, the Secretary argues that U.S.Vet.App. Rule 31 permits filing a response other than a brief. We agree. The *MacWhorter I* decision was not prompted solely because the Secretary filed a motion to remand, but rather because the motion to remand, in that instance, was not an "appropriate response" under Rule 31. This Court's Rule 5 requires that the Secretary's motion to remand specify the "error below and the proceedings or remedy deemed to be appropriate on remand." Furthermore, Rule 28(b)(2) requires that when such a confession of error is made, "and the relief the Secretary deems appro-priate as to the confession of error is different from that sought by the appellant," the Secretary must "include a statement of confession in the brief and identify. the relief thereunder that is deemed appropriate." Here, the Secretary's motion to remand did not specify any error in the Board decision. The motion also failed to address whether and why the ultimate relief sought by appellant was inappropriate. *See Cerullo v. Derwinski*, 1 Vet.App. 195, 200 (1991) (Secretary's motion for Board reconsideration must clearly articulate the reasons for the remand request and the nature of the proceedings to be conducted).

■ In *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990), we said that a summary decision by this Court must meet a seven-part test: (1) the case on appeal must be of "relative simplicity"; (2) the Court's decision cannot "establish a new rule of law"; (3) the decision cannot "alter, modify, criticize, or clarify an existing rule of law"; (4) the decision cannot "apply an established rule of law to a novel fact situation"; (5) the decision cannot "constitute the only recent, binding precedent on a particular point of law within the power of the Court to decide"; (6) the decision cannot "involve a legal issue of continuing public interest"; and (7) the decision's outcome cannot be "reasonably debatable." Naturally, the criteria for filing summary disposition motions must be guided by this multi-faceted rule.

■ The present case and, we add with emphasis, many of the cases pending before the Court accompanied by a motion for summary affirmance or a motion to remand, do not meet all seven criteria. Since appellant's case is both complicated and its outcome reasonably debatable, neither criterion number one nor number seven of the *Frankel* test is met. At oral argument, counsel for the Secretary stated that as a matter of law the appellant was not entitled to accrued benefits. When asked why, then, a motion to remand was filed, counsel for the Secretary replied,

I think that we just felt that the easiest thing to do would be just to remand it for reconsideration. There isn't a lot of

money involved, and it didn't work the way it was supposed to.

Hearing of November 26, 1991, transcript at 39. The Court recognizes that filing a motion to remand or a motion for summary affirmance may often seem the easiest thing to do. Obviously where the outcome of a case is beyond dispute, a motion for summary disposition benefits all parties. Such a motion is inappropriate, however, when it does not address all issues presented and all forms of relief potentially implicated. Where the *Frankel* criteria are not met, such motions burden the parties and the Court, and hamper the appellate process. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (court will not entertain a motion to affirm where an extensive review of the record of the district court proceedings is required).

Although counsel has a duty to represent the client diligently, counsel also has a duty, as an officer of this Court, to weigh and consider carefully the propriety of the response to be given the Court. Counsel must therefore verify that the facts and issues in the particular case satisfy the *Frankel* test before asking this Court to dispose of a case summarily. If the *Frankel* test is not met, a brief must be filed. Whether the opposing brief is strong or readily assailable should be irrelevant to counsel's decision as to the type of response filed with the Court. *Hooton*, 693 F.2d at 858 ("Not every case in which appellant files an unimpressive opening brief is appropriate for summary affirmance.") This is especially true of cases in this Court where two-thirds of our appellants go unrepresented.

### II.

Our reason for tempering the previous decision is based on the limited scope of review provided the United States Court of Appeals for the Federal Circuit by 38 U.S.C. § 7292 (formerly § 4092). *Butler v. Derwinski*, 960 F.2d 139, 141 (Fed.Cir. 1992). Section 7292(d)(2) provides that "except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a

challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." The Court's decision to take "appropriate action", under U.S. Vet.App. Rule 31(c), by deeming the Secretary's failure to file a brief as concession of error, may not present a question capable of review by the Federal Circuit.

In addition, the Court recognizes that the Secretary was not on notice as to the consequences of failure to file a brief or other appropriate pleadings addressing all issues and forms of relief sought. However, failure of a similar nature by the General Counsel in other cases may result in the Court interpreting such failure to respond as a concession of error; each such case will have to be judged on its peculiar facts to determine whether an appellant's arguments meet the "relevant, fair and reasonably comprehensive" standard as outlined in the *MacWhorter I* decision.

The former decision is amended by deleting that portion which awarded appellant benefits. An order will be entered directing counsel for the Secretary to file a brief within 30 days from the date of this decision.