James L. MAYS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1038.

United States Court of Veterans Appeals.

July 26, 1993.

James L. Mays, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michael P. Butler, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

STEINBERG, Judge:

The pro se appellant, Vietnam era veteran James L. Mays, appeals from an August 9, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to Class II outpatient dental treatment. *James L. Mays*, BVA 90-____ (Aug. 9, 1990). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. For the reasons set forth below, the Secretary's motion will be denied and the Board's decision will be

vacated and the matter remanded for readjudication.

■ The Court finds the decision of counsel for the Secretary to file a motion for summary affirmance to have been improvident on the record in this case. In *Frankel v. Derwinski*, 1 Vet.App. 23 (1990), this Court set forth carefully enumerated criteria for summary disposition of appeals. The frequency of the Secretary's motions for summary affirmance and of the instances where this Court not only does not summarily affirm but, summarily or in an opinion, vacates, remands, or reverses because of error below suggests less than scrupulous attention to the *Frankel* criteria by the Secretary's counsel. It is only where the Secretary believes that absolutely no "reasonably debatable" issue is presented that a motion for summary affirmance is in order. In all other cases, briefs should be filed in accordance with the Rules of this Court. U.S. Vet. App.R. 28, 31. *See* 28 U.S.C.A. § 2412(d) (West Supp.1993) (directing Court to award fees and expenses of attorneys to prevailing appellant where position of United States not substantially justified); *see also MacWhorter v. Derwinski*, 2 Vet.App. 655, 656–57 (1992) (motion for summary disposition is inappropriate "when it does not address all issues presented and all forms of relief potentially implicated").

## I. Background

The veteran served on active duty in the U.S. Air Force from December 1956 to September 1968; he also served on active duty in the Air Force Reserves from January 1975 to April 1978 and from January 1981 to June 1982. R. at 1–3. Service medical records indicate that the veteran underwent periodontic treatment, including oral surgery, at an Air Force clinic between February and September 1982; some of the treatment occurred during his final period of active duty. R. at 25–30. In a May 1989 letter to the Phoenix, Arizona, Regional Office (RO) of the Department of Veterans Affairs (formerly Veterans' Administration) (VA), the veteran stated his desire to "file a claim ... for an existing dental

condition that is 100% service related." R. at 47. In a June 1989 letter written in response to a congressional inquiry made on the veteran's behalf, the VARO informed him: "If you desire to file a disability claim for a dental condition, please complete the enclosed VA Form 21–526 [Veteran's Application for Compensation or Pension] and return to this office for further processing." R. at 48. Later that month, he filed the completed VA Form 21–526, stating the nature of his disability as "Dental" and asserting that the treatment performed by Air Force dentists while he was on active duty had been incomplete and of poor quality and had resulted in tooth loss and inability to chew solid food. R. at 50, 53. In August 1989, the veteran filed an application for outpatient dental benefits at VA expense, asserting that he suffered from a service-connected dental disability; in response to the application's question as to the percentage of disability, he wrote "100% Dental Only". R. at 54. He asserted that while he was on active duty his lower back teeth had been extracted but had not been replaced by a prosthesis and that the restoration of his remaining teeth had not been completed by Air Force dentists because of his release from active to reserve duty in 1982: "Some work continued after my release from active duty but was soon halted with no direction as to what, where and how to have any necessary work completed." R. at 55.

In August 1989, the RO informed the veteran that he was ineligible for outpatient dental treatment, stating: "A review of your medical records reveals you have no dental compensable service-connected disabilities[;] nor are you eligible for outpatient dental treatment under other laws administered by the [VA]." R. at 56. Later that month, the veteran filed a Notice of Disagreement. R. at 57. In October 1989, the veteran testified under oath at a hearing before the RO that after he began to experience mobility of his teeth in 1985 he consulted a private dentist in Mesa, Arizona, and that that dentist stated that the incomplete nature of the veteran's in-service dental treatment had resulted in a deterioration of his jawbones that would require corrective surgery. R. at 65.

In his November 1989 VA Form 1–9 (Appeal to the BVA), the veteran stated, inter alia: "I was never told that I should seek continued service from the VA upon release or certainly that I only had a certain period to request such service.... Had I been told by the Air Force that my mouth would deteriorate to this condition because of the work they and [sic] done and the not completed work, then certainly, I would have, upon seperation [sic] sought and had the proper work completed." R. at 68–69.

In its August 1990 decision denying his claim, the Board found that the veteran's initial application for VA outpatient dental treatment was received in 1989 and concluded that he was therefore ineligible for entitlement to Class II outpatient dental treatment at VA expense. *Mays*, BVA 90–___, at 3.

## II. Analysis

Section 1712(b) of title 38, United States Code, which sets forth the eligibility criteria for outpatient dental treatment directly by VA, provides, in pertinent part:

(b)(1) Outpatient dental services and treatment, and related dental appliances, shall be furnished under this section only for a dental condition or disability—

(A) which is service-connected and compensable in degree;

(B) which is service-connected, but not compensable in degree, but only if—

(i) the dental condition or disability is shown to have been in existence at the time of the veteran's discharge or release from active military, naval, or air service;

(ii) the veteran had served on active duty for a period of not less than 180 days or, in the case of a veteran who served on active duty during the Persian Gulf War, 90 days immediately before such discharge or release;

(iii) application for treatment is made within 90 days after such discharge or release, except that (I) in the case of a veteran who reentered active military, naval, or air service within 90

days after the date of such veteran's prior discharge or release from such service, application may be made within 90 days from the date of such veteran's subsequent discharge or release from such service; and (II) if a disqualifying discharge or release has been corrected by competent authority, application may be made within 90 days after the date of correction; and

(iv) the veteran's certificate of discharge or release from active duty does not bear a certification that the veteran was provided, within the 90–day period immediately before the date of such discharge or release, a complete dental examination (including dental X-rays) and all appropriate dental services and treatment indicated by the examination to be needed....

. . . .

(2) The Secretary concerned shall at the time a member of the Armed Forces is discharged or released from a period of active military, naval, or air service of not less than 180 days provide to such member a written explanation of the provisions of clause (B) of paragraph (1) of this subsection and enter in the service records of the member a statement signed by the member acknowledging receipt of such explanation (or, if the member refuses to sign such statement, a certification from an officer designated for such purpose by the Secretary concerned that the member was provided such explanation).

The corresponding regulation, 38 C.F.R. § 17.123 (1992), divides those veterans eligible for outpatient dental treatment into six major classes. Class I is described as follows:

Those having a service-connected *compensable* dental disability or condition, may be authorized any dental treatment indicated as reasonably necessary to maintain oral health and masticatory function. There is no time limitation for making application for treatment and no restriction as to the number of repeat episodes of treatment.

38 C.F.R. § 17.123(a) (1992) (emphasis added). As relevant here, Class II is described as follows:

Those having a service-connected *noncompensable* dental condition or disability shown to have been in existence at time of discharge or release from active service, which took place after September 30, 1981, may be authorized any treatment indicated as reasonably necessary for the one-time correction of the service-connected noncompensable condition, but only if:

(A) They were discharged or released, under conditions other than dishonorable, from a period of active military, naval, or air service of not less than 180 days.

(B) Application for treatment is made within 90 days after such discharge or release.

(C) The certificate of discharge or release does not bear a certification that the veteran was provided, within the 90–day period immediately before such discharge or release, a complete dental examination (including dental X-rays) and all appropriate dental treatment indicated by the examination to be needed, and

(D) Department of Veterans Affairs dental examination is completed within six months after discharge or release, unless delayed through no fault of the veteran.

38 C.F.R. § 17.123(b)(1)(i) (1992) (emphasis added).

 Pursuant to 38 C.F.R. § 20.202 (1992), the Board is required to construe arguments raised in a substantive appeal in a liberal manner to determine whether they raise issues on appeal. *See Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991) ("upon receipt of a VA Form 1–9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal"); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) ("VA's statutory 'duty to assist' must extend this liberal reading to include issues raised in all documents or oral testimony submitted prior to the BVA decision"). The Court has repeatedly held that the Board is required to consider a veteran's

claims under all applicable provisions of law and regulation whether or not the claimant specifically raises the applicable provision. *See Douglas v. Derwinski,* 2 Vet.App. 435, 440 (1992) (en banc); *Douglas v. Derwinski,* 2 Vet.App. 103, 109 (1992); *Schafrath v. Derwinski,* 1 Vet.App. 589, 592–93 (1991); *Akles v. Derwinski,* 1 Vet.App. 118, 121 (1991); *Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990).

■ Here, the veteran's June 1989 VA Form 21–546 clearly constituted a claim for service-connected disability compensation for a dental disability under 38 C.F.R. § 4.150 (1992) ("Schedule of ratings—dental and oral conditions"). Remand will be required to allow the Board to adjudicate that claim. Furthermore, because the veteran's claim for service-connected disability compensation for a dental condition raised a claim to which the provisions of section 17.123(a) reasonably would apply, the Board also had an obligation to consider his August 1989 request for VA outpatient dental treatment as a claim for Class I benefits pursuant to that regulation. Therefore, if on remand the Board determines that the veteran has a compensable dental disability, his claim for Class I outpatient dental treatment must be allowed.

As to noncompensable service-connected dental disabilities, pursuant to 38 U.S.C.A. § 1712(b)(2) (West 1991), a member of the Armed Services, upon discharge from a period of active military, naval, or air service of not less than 180 days, is to be provided with a written explanation of the provisions of 38 U.S.C.A. § 1712(b)(1) (West 1991). Further, a statement, signed by the member, acknowledging receipt of such explanation (or, if the member refuses to sign such statement, a certification that the member was provided with such an explanation) is to be entered in the member's service records. Because no such statement or certification appeared in the record on appeal, on September 24, 1992, the Court ordered the Secretary to direct a thorough search of VA and Air Force records to determine whether such a statement or certificate appears in the appellant's service records. In his December 23, 1992, response, the Secretary informed the Court that the ordered search had not yielded any document satisfying the requirements of section 1712(b)(2).

■ "[E]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole." *Talley v. Derwinski,* 2 Vet.App. 282, 286 (1992) (quoting 2A N. Singer, Sutherland on Statutory Construction § 46.05 (4th ed. 1984)). Accordingly, because statutory section 1712 requires that the relevant service department Secretary notify veterans of the application time limits for VA outpatient dental treatment, the Court holds that where the relevant Service Secretary has failed to comply with the notification provision set forth in 38 U.S.C.A. § 1712(b)(2), the application time limits set forth in 38 U.S.C.A. § 1712(b)(1)(B)(iii) and 38 C.F.R. § 17.123(b)(1)(i)(B) do not begin to run. *Cf. Hamilton v. Brown,* 4 Vet.App. 528, 545 (1993) (en banc) (veteran's failure to file formal application deemed waived by VA failure to comply with requirement under 38 C.F.R. § 3.155(a) to send him formal application forms); *Smith (Edward F.) v. Derwinski,* 2 Vet.App. 429 (1992) (VA failure to notify of filing deadline excuses late filing); *Conary v. Derwinski,* 3 Vet.App. 109 (1992) (Steinberg, J., concurring) (pursuant to 38 U.S.C.A. § 7722(d) Secretary was statutorily obliged to give veterans "the information [they] needed" in order to make timely and effective application for upward adjustment of VA pension benefit based on unreimbursed medical expenses under 38 U.S.C.A. § 1503(a)(8) (West 1991)); *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991) (where claimant moves for BVA reconsideration, 120–day judicial appeals period does not begin to run until date of mailing of notice of BVA denial of reconsideration).

■ Furthermore, the Court holds, as a matter of law, that, due to the Air Force Secretary's failure here to comply with the notification provisions of section 1712(b)(2), the appellant's completion of a VA dental examination within six months after discharge was "delayed through no fault of

the veteran" under 38 C.F.R. § 17.-123(b)(1)(i)(D). *Cf. Hamilton, supra; Smith, supra; Conary, supra.* Therefore, if, on remand, the Board concludes that the appellant has a noncompensable service-connected dental disability, his claim for Class II outpatient dental treatment must be allowed.

Finally, the Court notes that the Secretary's motion for summary affirmance erroneously states: "The Board noted that the record clearly reflected that the appellant's claim for dental treatment was received in 1989, approximately 16 years after his release from active service." Mot. at 3. However, the BVA decision had characterized that seven-year interval as only "several years". *Mays,* BVA 90–____, at 3. The Secretary's December 1992 response repeated this error in arguing that "even in the absence of a notice, a delay in [sic] 16 years after the veteran's release from service places Appellant well beyond the scope of those who were to be granted dental treatment under [38 U.S.C.A. § 1712]." Resp. at 2.

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court denies the Secretary's motion for summary affirmance, vacates the August 9, 1990, BVA decision, and remands the matter for prompt readjudication, in accordance with this opinion, on the basis of all evidence and material of record and applicable provisions of law and regulation, and prompt issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may, if adverse, be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant.

### VACATED AND REMANDED.