**Gerald J. GROVHOUG, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–547.

United States Court of Veterans Appeals.

Dec. 13, 1994.

Gracelia R. Helring, Arlington, VA, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and David W. Engel, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

KRAMER, Judge:

On October 14, 1994, the Court issued a decision vacating a March 29, 1993, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to outpatient dental treatment, and remanding the matter for further proceedings. On November 10, 1994, the Secretary filed a motion for reconsideration of the Court's October 14, 1994, decision. The Court denies the Secretary's motion, sua sponte vacates the October 14, 1994, decision, and issues this decision in its place. The Court has jurisdiction under 38 U.S.C. § 7252(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellant served on active duty from August 1954 to April 1958, and from August 1961 to March 1986. Record (R.) at 14, 53. He underwent periodontal surgery in March 1978. R. at 21. In January 1987, he wrote a letter to VA seeking service connection for "dental problems." R. at 61. A VA disability examination report dated March 1988 revealed normal temporomandibular joint articulation; no displacement of the mandible and/or occlusion; no scars in and around the maxilla and mandible; no muscle injury; a full upper denture; teeth number 17, 19, 21, and 30 replaced with a partial denture; nonreplaceable teeth at numbers 31 and 32; no loss of nerve sensation; periodontal bone loss present on the distal of tooth number 29; and no evidence of fracture or trauma to the mandible or maxilla. R. at 81. The VA regional office (RO) denied service connection on the basis that "[g]um disease or trauma [was] not shown by the evidence of record." R. at 85.

In December 1988, the BVA issued a decision granting the appellant service connection for periodontal disease, finding as follows:

While on active duty the veteran had periodontal disease of such severity that it required gingival graft surgery. As the recent examination by [VA] continues to show the presence of some periodontal disease, resolving all reasonable doubt in the veteran's favor, service connection is warranted.

R. at 90. In January 1989, the RO issued a rating decision implementing the BVA's grant of service connection for periodontal disease, assigning a noncompensable (0%) rating under 38 C.F.R. § 4.150, Diagnostic Code 9999–9913 (1988). R. at 92–93.

On April 11, 1989, VA sent a letter to the appellant which stated as follows:

You have been granted a noncompensable, service-connected evaluation for periodontal disease. You are eligible for treatment for this condition at your nearest [VA] Medical Center [MC].

If you wish treatment for this condition, you should contact the Dental Clinic at that [VAMC].

R. at 95. The appellant received outpatient dental treatment from August 1989 until August 1991. Dental problems during that period included a lost filling, a loose upper denture, cervical erosion, and defective restorations. R. at 101, 103–11. A pedicle graft was performed in August 1990. R. at 114.

On August 6, 1991, the following entry was made in the appellant's treatment records:

[P]er information provided by VACO office of Dentistry on a recent teleconf, and confirmed by Mr. Jerold Juniper VARO on 8/6/91 @ 8:45 A.M.—Veterans who are 0% sc have a noncompensable sc and have no dental eligibility. Mr. Grovhoug is 0% sc for periodontal disease and as such is NOT ELEG. for dental care.

R. at 111. A report of contact dated the same day stated as follows:

Dr. Flaxman [Chief, Dental Service] called in reference to the letter issued April 11, 1989[.] After discussion with Fred King I advised Dr. Flaxman that we were no longer advising veterans they had elig. to dental treatment based on 0% s/c.

R. at 116. An August 12, 1991, letter from John K. Haycraft, Chief of the Medical Administration Service, to the appellant stated that VA could not approve his recent request for outpatient dental care because a review of the appellant's records revealed that he had "no compensable service-connected dental disabilities" and was not "eligible for outpa-

tient dental treatment under any other laws administered by the VA." R. at 118.

On August 25, 1991, the appellant wrote the following letter to VA:

THIS IS A FORMAL "NOTICE OF DISAGREEMENT." Referencing your letter of Aug 12, 1991, I do wish to appeal your determination that I am, all of a sudden, not authorized any more dental care at the VA Hospital in Little Rock, AR.

In case there's someone that is attempting to make these decisions without all the knowledge of previous paperwork, I would remind you that I have been receiving dental care at the VA Hospital in Little Rock, AR for the past two years. This denial did not come about as result of "my request" for outpatient dental care as your letter of 12 Aug 1991 states—the denial was initiated when I showed up for the dental appointment on 6 Aug 1991, that was scheduled for me.

This is a decision that just came out of the clear blue sky!! No reason given, just "we decided to drop you from any more dental care at the VA Hospital."

I would also recommend that you review your letter to me, dated 11 Apr 1989.

R. at 120. He filed a VA Form 1–9, Appeal to the BVA, in March 1992, stating that his entitlement to dental treatment should not have been taken away from him, and that if a compensable rating is needed for such treatment, then his disease should be made compensable. R. at 122–25. He also stated that: (1) he had found out from a dentist over the telephone on August 5, 1991, that his August 6, 1991, appointment was being cancelled and that he was not going to receive any more treatment from VA; (2) that he had only received written notice that his treatment was being taken away when he went to the RO on August 12, 1991, in order to ask for such notice instead of just the verbal denial of the dental clinic; and (3) that, while at the RO, he was provided a VA Form 1–4107, Notice of Procedural and Appellate Rights. R. at 123–24.

In March 1993, the BVA denied entitlement to outpatient dental treatment, determining that the appellant did not meet the requirements for Class I, II, II(a), or III eligibility for outpatient dental treatment under 38 C.F.R. § 17.123 (1993), and that the other eligibility categories under that section were inapplicable to the appellant's case. Specifically, with respect to Class I eligibility, which is extended to veterans who have a compensable service-connected dental condition, the BVA found as follows:

The veteran's service-connected periodontal disease is rated noncompensable. Although he suggests it should be rated compensable, it is clear that the noncompensable rating is proper. *See* rating criteria of 38 C.F.R. § 4.150 [1993]. The veteran has no Class I eligibility.

R. at 8. *See* 38 U.S.C. § 1712(b)(1)(A). With respect to Class II eligibility, which is extended to veterans who have a noncompensable service-connected dental condition, subject to various restrictions including timely application and limitations on the amount of treatment, the BVA found as follows:

The veteran's 1991 application for treatment is not timely, as he was discharged from service in 1986. Moreover, the dental treatment records show that during the time the veteran erroneously received VA treatment, he received a complete episode of treatment (and much more). He now has no Class II eligibility.

R. at 8. *See* 38 U.S.C. § 1712(b)(1)(B), (c).

On October 14, 1994, the Court vacated the BVA decision and remanded the matter for further proceedings. On November 10, 1994, the Secretary filed a motion for reconsideration of the October 14, 1994 decision. As grounds for the motion, the Secretary argued that the Court erred to the extent that it relied on VA ADJUDICATION PROCEDURE MANUAL, M21–1 [hereinafter MANUAL M21–1] because MANUAL M21–1 does not apply to outpatient dental treatment. The Secretary asserted that such treatment is exclusively governed by OPERATIONS MANUAL M–1 [hereinafter MANUAL M–1] and DENTISTRY MANUAL M–4 [hereinafter MANUAL M–4]. These grounds are discussed in Part II(C), *infra.*

## II. ANALYSIS

### A. Increased (compensable) evaluation for dental condition

The BVA acknowledged that the appellant seeks a compensable rating for his dental

condition. The appellant's claim for an increased evaluation is regarded as a new claim for purposes of this Court's review. *See Butts v. Brown,* 5 Vet.App. 532 (1993) (en banc); *Proscelle v. Derwinski,* 2 Vet.App. 629 (1992). The degree of disability under the rating code is a finding of fact subject to the "clearly erroneous" standard of review. *See* 38 U.S.C. § 7261(a)(4); *Martin v. Brown,* 4 Vet.App. 136, 139 (1993); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). Under this standard, "if there is a 'plausible basis' in the record for the factual determinations of the BVA, ... [the Court] cannot overturn them." *Gilbert,* 1 Vet.App. at 53.

In its decision, the BVA cited 38 C.F.R. § 4.150, but it did not discuss the schedular criteria for a compensable rating under that regulation, nor did it provide reasons or bases for why the appellant did not meet the criteria. *See Gilbert,* 1 Vet.App. at 57. The appellant also has not had a recent, thorough dental examination which is needed to determine his current degree of disability. *See Proscelle,* 2 Vet.App. at 632; *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991). If the BVA determines that the appellant has a compensable dental disability, a claim for outpatient dental treatment under 38 U.S.C. § 1712(b)(1)(A) (Class I eligibility under 38 C.F.R. § 17.123) (which provides that such treatment shall be furnished for a "dental condition or disability ... which is service-connected and compensable in degree") must be allowed. *Mays v. Brown,* 5 Vet.App. 302, 304 (1993).

### B. Entitlement to outpatient dental treatment under 38 U.S.C. § 1712(b)(1)(B)

Pursuant to 38 U.S.C. § 1712(b)(1)(B), outpatient dental services and treatment shall be furnished for a noncompensable service-connected dental condition or disability only if

(i) the dental condition or disability is shown to have been in existence at the time of the veteran's discharge or release from active military service;

(ii) the veteran had served on active duty for a period of not less than 180 days

... immediately before such discharge or release;

(iii) application for treatment is made within 90 days after such discharge or release ...; and

(iv) the veteran's certificate of discharge or release from active duty does not bear a certification that the veteran was provided, within the 90–day period immediately before the date of such discharge or release, a complete dental examination (including dental X-rays) and all appropriate dental services and treatment indicated by the examination to be needed[.]

Paragraph (2) of section 1712(b) further provides:

The Secretary concerned shall at the time a member of the Armed Forces is discharged or released from a period of active ... service of not less than 180 days ... provide to such member a written explanation of the provisions of clause (B) of paragraph (1) of this subsection and enter into the service records of the member a statement signed by the member acknowledging receipt of such explanation (or, if the member refuses to sign such a statement, a certification from an officer designated for such purpose by the Secretary concerned that the member was provided such explanation.)

In *Mays,* 5 Vet.App. at 306, the Court held that the application time limits under section 1712(b)(2) do not begin to run where the relevant service Secretary has failed to comply with the notification provision. In addition, section 1712(c) provides:

Dental services and related appliances for a dental condition or disability described in paragraph (1)(B) of subsection (b) of this section shall be furnished on a one-time completion basis, unless the services rendered on a one-time completion basis are found unacceptable within the limitations of good professional standards, in which event such additional services may be afforded as are required to complete professionally acceptable treatment.

Eligibility under subsection (b)(1)(B) is referred to as "Class II" eligibility under the corresponding regulation, 38 C.F.R.

§ 17.123(b). When the BVA denied Class II eligibility for outpatient dental treatment, it did not discuss whether the appellant was properly notified of the provisions of section 1712(b)(1)(B), and did not have the Court's guidance in *Mays*. Nevertheless, when the BVA determined that the appellant had received more than he was entitled to under Class II eligibility, it was implicitly stating that a failure to notify under section 1712(b)(2) was harmless error. Such error could be harmless, thus rendering *Mays* inapplicable, only if the BVA was correct in stating that the appellant received all the care to which he was entitled. *See* 38 U.S.C. § 7261(b); *Kehoskie v. Derwinski*, 2 Vet. App. 31 (1991). However, the BVA, in stating its view as to the care received, failed to provide reasons or bases for its assertion that the appellant, pursuant to section 1712(c), had received a complete episode of treatment, which would preclude the right to additional treatment. *See Gilbert*, 1 Vet.App. at 57.

### C. Procedural due process

■ The appellant complained, in essence, in his VA Form 1–9 that his entitlement to outpatient dental treatment had been terminated without prior notice. *See Mays*, 5 Vet.App at 305 (the BVA is required to construe arguments raised in a substantive appeal in a liberal manner to determine whether they raise issues on appeal); *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991) (same); 38 C.F.R. § 20.202 (1993) (same). In addition, the appellant, through counsel, argues in his brief that his entitlement to outpatient dental treatment was a statutorily created property interest which was taken away from him "without giving him notice or an opportunity to present any evidence on his behalf," citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1985); *Thurber v. Brown*, 5 Vet.App. 119, 125 (1993); *Bernard v. Brown*, 4 Vet.App. 384, 393 (1993); *Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992); *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991); and *Fugere v. Derwinski*, 1 Vet.App. 103, 108 (1990). Appellant's brief at 11. The Court notes the existence of many provisions in title 38 of the Code of Federal Regulations which require procedural due process, none of which seems to be applicable on its face to the termination of outpatient dental treatment. *See, e.g.*, 38 C.F.R. § 1.12 (VA required to give public notice of proposed regulations and an opportunity to participate in regulatory development); 38 C.F.R. § 3.103(a), (b) (1993) (discussed *infra*); 38 C.F.R. § 3.105(d), (e), (f) (1993) (reduction/pretermination notice required for severance of service connection and for reduction or discontinuance of compensation or pension payments); 38 C.F.R. § 3.105(g) (1993) (reduction/pretermination notice required for any reduction or discontinuance of benefits by reason of information received concerning income, net worth, dependency, or marital or other status); 38 C.F.R. § 3.114(b) (1993) (reduction/pretermination notice required where the reduction or discontinuance of an award of pension, compensation, or dependency and indemnity compensation (DIC) is in order because of a change in law or VA issue or a change in the interpretation of a law or VA issue); 38 C.F.R. § 17.95 (1993) (when a claim for reimbursement of medical expenses has been disallowed, the claimant shall be notified of the reasons for disallowance and the right to initiate an appeal); 38 C.F.R. § 20.903 (1993) (when the BVA requests a medical opinion or an opinion of the General Counsel, the BVA is required to notify the veteran of such request, to provide to the veteran a copy of the opinion, and to provide the veteran with an opportunity to respond to the opinion).

Of these provisions, section 3.103(a), (b), while not applicable on its face to the termination of outpatient dental treatment, nevertheless requires further scrutiny. It provides:

### § 3.103 Procedural due process and appellate rights.

(a) *Statement of policy.* Every claimant has the right to written notice of the decision made on his or her claim, the right to a hearing, and the right of representation. Proceedings before VA are ex parte in nature, and it is the obligation of VA to assist a claimant in developing the facts pertinent to the claim and to render a decision which grants every benefit that can be supported in law while protecting

the interests of the Government. The provisions of this section apply to all claims for benefits and relief and decisions thereon, within the purview of this part 3.

(b) *The right to notice*—(1) *General.* Claimants and their representatives are entitled to notice of any decision made by VA affecting the payment of benefits and the granting of relief. Such notice shall clearly set forth the decision made, any applicable effective date, the reason(s) for the decision, the right to a hearing on any issue involved in the claim, the right of representation and the right, as well as the necessary procedures and time limits, to initiate an appeal of the decision.

(2) *Pretermination/reduction notice.* Except as otherwise provided in paragraph (b)(3) of this section [a list of situations, not including termination of outpatient dental benefits, in which pretermination/reduction notice is not required], no award of compensation, pension or [DIC] shall be terminated, reduced or otherwise adversely affected unless the beneficiary has been notified of such adverse action and has been provided a period of 60 days in which to submit evidence for the purpose of showing that the adverse action should not be taken.

As written, the due process provisions of section 3.103 apply only to benefits and relief under part 3 of title 38 of the Code of Federal Regulations. Part 3 is entitled "ADJUDICATION," and is divided into two subparts: subpart A, which deals with compensation, pension, and DIC, and subpart B, which deals with burial benefits. The regulations governing outpatient dental treatment are found in Part 17. Furthermore, as written, section 3.103(b)(2) requires pretermination/reduction notice only where there is a termination or reduction of an "award of compensation, pension or [DIC]."

Nevertheless, certain provisions contained in MANUAL M21–1, Part IV, Chapter 9, and Chapter 23, Subchapter I, in particular paragraph 23.03 (which specifically addresses outpatient dental treatment, but does not address notification procedures relevant to such treatment), appear to broaden the application of the right to advance notice of a proposed

adverse action beyond matters dealing only with compensation, pension, DIC, or burial benefits. (Additionally, the Court notes that the cover page of MANUAL M21–1 indicates that such manual governs "Special Benefits" as well as "Compensation and Pension[,] [DIC][,] Accrued Amounts[, and] Burial Allowance.") If that is the case, *Fugere,* 1 Vet.App. at 107, would require VA to apply the manual provisions as any other law, as the provisions in question do not merely clarify or explain an existing rule or statute, but instead broaden the application of the right to advance notice of an adverse action. The manual provisions thus have " 'the force of law and narrowly limit[ ] administrative action' in that [they] prescribe[ ] what action must be taken in the initial levels of adjudication." *Fugere,* 1 Vet.App. at 107 (quoting *Carter v. Cleland,* 643 F.2d 1, 8 (D.C.Cir. 1980)). *See Hamilton v. Derwinski,* 2 Vet. App. 671, 675 (1992) (substantive rules in MANUAL M21–1 are the equivalent of VA regulations).

Part IV of MANUAL M21–1 is entitled "AUTHORIZATION PROCEDURES." Chapter 9 of Part IV is entitled "DUE PROCESS." Contained within that chapter are the following provisions:

## CHAPTER 9. DUE PROCESS
## SUBCHAPTER I. NOTIFICATION

### 9.01  GENERAL (38 CFR 3.103)

Under 38 CFR 3.103, claimants are entitled to notice of any decision made by VA affecting the paying of benefits or the granting of relief. Such notice must clearly set forth the decision made, the applicable effective date, the reason(s) for the decision, advice about the right to a hearing on any issue involved in the claim, the right of representation and the right to initiate an appeal of the decision, as well as necessary procedures and time limits. Beneficiaries are also entitled to a predetermination notice of *any* proposed adverse action affecting *receipt* or amount of benefits.

### 9.02  PREDETERMINATION NOTICE—GENERAL

A beneficiary has a right to be informed of a proposed adverse action so that he or

she can offer evidence or argument to show why the proposed action should not be taken. Therefore, unless authorized by paragraph 9.05 or 9.06 [exceptions to the requirement of predetermination notice, not including termination of outpatient dental benefits], do not terminate, suspend or reduce benefits or take any adverse action without first sending the beneficiary a predetermination notice. *This rule applies to all benefits.*

. . . .

## SUBCHAPTER II. REDUCTIONS

**9.17 REDUCTIONS UNDER ADMINISTRATIVE ERROR (38 CFR 3.500(b)(2))**

a. **Administrative Decision Required.** Prepare a proposed administrative decision to reduce or terminate benefits as the result of an erroneous award based solely on administrative error or error in judgment (38 CFR 3.500(b)(2)). Give the beneficiary 60 days to submit evidence to show why the reduction should not be made.

(Emphasis added.) As an initial matter, the Court notes that the "authorization procedures" contained in Part IV are not limited to any particular type of benefit, that the title of Chapter 9 seems to indicate that the chapter is simply about generic "due process," and that the titles of Subchapters I and II do not limit "notification" or "reductions" to any particular type of benefit.

The first two sentences of paragraph 9.01 state that, pursuant to 38 C.F.R. § 3.103, "claimants" are entitled to a particularized notice with respect to any decision affecting the paying of benefits or the granting of relief. The third sentence is ambiguous as to whether "claimants" and "beneficiaries" are synonymous and whether the right to predetermination notice applies to any adverse action or only to those actions contemplated in section 3.103.

Paragraph 9.02 provides for predetermination notice with respect to *all* benefits, unless specifically excluded by paragraphs 9.05 and 9.06. It is not limited on its face to any specific benefits. The Court notes that paragraph (e) of 38 C.F.R. § 20.3 (1993), the

section which provides definitions applicable to the BVA's Rules of Practice, defines "benefit" as "*any* payment, service, commodity, function, or status, entitlement to which is determined under laws administered by [VA] pertaining to veterans and their dependents and survivors." (Emphasis added.)

Paragraph 9.17 provides for a 60–day response period to a proposed administrative decision to reduce or terminate benefits as the result of an erroneous award based solely on administrative error or error in judgment without limiting the type of benefits to which the paragraph applies (38 C.F.R. § 3.500(b)(2) also does not list any specific benefits).

The Secretary asserts that MANUAL M–1, Chapter 4, paragraph 4.15, governs the issue of notice in decisions denying health care benefits. Paragraph 4.15 provides:

**4.15 DECISIONS AND NOTICES OF DECISIONS DENYING HEALTH CARE RELATED BENEFITS (Also see M–1, pt. I, ch. 1, sec. X).**

a. Each facility will develop written policy and procedures to ensure that any veteran denied health care related benefits (other than clinical) is properly notified of the reason for that denial and will inform the veteran of the appeal process. The notice shall include an explanation of the procedure for obtaining review of the decision.

. . . .

d. *Each facility* has the *discretion* to implement the procedure(s) to comply with *due process* requirements which would be the *most practical* for their situation. *Generally*, when a health care related benefit is sought in writing . . . and denied, notice of denial and appellate procedure will be provided in writing. If the benefit is sought in a face-to-face setting . . ., then the denial may be made orally.

(Emphasis added.) This paragraph, on its face, is directed at the type of process applicable where health care benefits are denied. It is silent, however, as to whether predetermination notice is required in the case where a health care benefit has been granted and is now being taken away. (Although the lan-

guage emphasized by the Court raises a serious question as to how "due" the enumerated process is, such question would only be relevant in the event that the paragraph applies to predetermination notice.)

The Secretary also asserts that Chapter 3 of MANUAL M–4 governs implementation of the outpatient dental program. However, the Secretary points to no relevant provision, nor does the Court discern any, regarding either notice in general or predetermination notice in particular that would be applicable to the appellant.

In light of these manual provisions, in denying entitlement to outpatient dental treatment, the BVA should have addressed the issue of what notice the appellant had a right to, including a right to predetermination notice prior to the termination of such treatment. Until the issue of a right to predetermination notice is resolved in the negative, it would be premature for the Court to address a possible constitutional violation of due process, including a denial of equal protection. *See Mathews v. De Castro*, 429 U.S. 181, 182 n. 1, 97 S.Ct. 431, 432 n. 1, 50 L.Ed.2d 389 (1976) (The Fifth Amendment's Due Process Clause encompasses equal protection principles); *Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) (where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures); *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (same as *Vitarelli* ); *Bucklinger v. Brown*, 5 Vet.App. 435, 441 (1993) (the Court will avoid reaching constitutional questions in advance of the necessity of deciding them); *Saunders v. Brown*, 4 Vet.App. 320 (1993) (because the Court has adopted the "case or controversy" jurisdictional restraints applicable to Article III courts, it will not anticipate a question of constitutional law in advance of the necessity of deciding it); *Felton v. Brown*, 4 Vet.App. 363, 368 (1993) (prior to reaching any constitutional questions, the Court must consider nonconstitutional grounds for decision); *Rosalinas v. Brown*, 5 Vet.App. 1, 2 (1993) (the Court will not consider a constitutional issue which is not ripe for review).

## III. CONCLUSION

Upon consideration of the above, the BVA decision is VACATED and the matter REMANDED for further proceedings consistent with this decision. On remand, the appellant shall be afforded a complete dental examination, and is free to introduce additional evidence. *See Quarles v. Derwinski*, 3 Vet.App. 129, 140–41 (1992); *Proscelle*, 2 Vet.App. at 632.