Citation Nr: 1722234 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 11-05 585 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for dental trauma. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Catherine Cykowski, Counsel


INTRODUCTION

The Veteran had active duty service from June 1965 to March 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In February 2016, the Veteran testified at a hearing before the undersigned Veterans Law Judge. The hearing included testimony regarding the issues of service connection for hearing loss and service connection for a dental injury. 

In the February 2016 decision, the Board granted service connection for hearing loss. The Board remanded the claim for service connection for dental trauma.
The issues of entitlement to service connection for a gastrointestinal disorder to include acid reflux, entitlement to service connection for a prostate disorder, entitlement to service connection for hypertension, and entitlement to an increased rating for sinusitis were remanded in February 2016 for issuance of a Statement of the Case. A Statement of the Case regarding those issues was provided to the Veteran in July 2016.

In February 2017, the Veteran had a hearing before another Veteran's Law Judge regarding the issues of entitlement to service connection for acid reflux, service connection for a kidney condition, service connection for a prostate condition, service connection for high blood pressure, and entitlement to an increased rating for recurrent sinusitis. Those claims will be adjudicated in separate decision by the judge who conducted the hearing. 


FINDING OF FACT

The Veteran sustained dental trauma of tooth #9 in service. The loss of tooth #9 is not due to loss of teeth due to the loss of substance of the body of the maxilla or mandible.
CONCLUSION OF LAW

The criteria for service connection for dental trauma to tooth #9, for VA treatment purposes only, have been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 1712 (West 2014); 38 C.F.R. §§ 3.303, 3.381, 4.150, 17.161 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2016); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). The notice requirements of VCAA require VA to notify the claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 

In a letter dated in March 2010, the RO provided notice to the Veteran regarding what information and evidence is needed to substantiate a claim for service connection, as well as what information and evidence must be submitted by the Veteran and what evidence VA would obtain. 

VA also has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service medical records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Veteran's service treatment records and post-service treatment records are associated with the claims file. The Veteran had a VA examination in July 2016. 
The examination is adequate for rating purposes, as the examiner interviewed and examined the Veteran and provided an opinion based on the medical history and examination findings. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (finding that VA must provide an examination that is adequate for rating purposes).

The AOJ is also found to have complied with the Board's February 2016 remand directives. Stegall v. West, 11 Vet. App. 268 (1998). Significantly, the Veteran and his representative have not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claims that has not been obtained. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claims. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

Analysis of Claim

Disability compensation and VA outpatient dental treatment may be provided for certain specified types of service-connected dental disorders. For other types of service-connected dental disorders, the claimant may receive treatment only and not compensation. 38 U.S.C.A. § 1712 (West 2016); 38 C.F.R. §§ 3.381, 4.150, 17.161 (2016).

Dental disabilities that may be awarded compensable disability ratings are set forth under 38 C.F.R. § 4.150. These disabilities include chronic osteomyelitis or osteoradionecrosis of the maxilla or mandible, loss of the mandible, nonunion or malunion of the mandible, loss of the maxilla, nonunion or malunion of the maxilla, limited temporomandibular motion, loss of the ramus, loss of the condyloid or coronoid processes, loss of the hard palate, loss of teeth due to the loss of substance of the body of the maxilla or mandible and where the lost masticatory surface cannot be restored by suitable prosthesis, when the bone loss is a result of trauma or disease but not the result of periodontal disease. 38 C.F.R. § 4.150, Diagnostic Codes 9900-9916.

A claim for entitlement to service connection for a dental disorder for disability compensation is also considered a claim for entitlement to service connection for a dental disorder for purposes of VA outpatient dental treatment. Mays v. Brown, 5 Vet. App. 302 (1993). 

The significance of finding that a dental condition is due to in-service trauma is that a veteran will be eligible for Class II(a) VA outpatient dental treatment, without being subject to the usual restrictions of a timely application and one-time treatment. 38 U.S.C.A. § 1712(a)(1)(C); 38 C.F.R. § 17.161 (c).

The Veteran seeks service connection for tooth # 9. He asserts that his tooth was cracked during a boxing match in service. He stated that he received a root canal after that injury.

Service treatment records show that tooth # 9 was marked as present upon his initial service dental evaluation in June 1966. A January 1967 entry in the dental record noted a fracture of tooth #9 down to the cervical one-third. The Veteran was referred for endodontic treatment.

The Veteran had a VA examination in July 2016. The examination noted a history of fracture of tooth #9 in January 1967, which was treated with endodontic therapy and a permanent filling. The examiner indicated that there were no other pertinent entries in the service treatment records. The examiner noted that the service treatment records showed that the Veteran was struck in the nose with a rock in June 1967. At that time, there was no indication of dental or oral trauma. 

The examiner noted that the Veteran had an extraction of tooth #9 after service in the 1980's and received partial maxillary and mandible dentures at that time. The examiner opined that the Veteran has loss of a tooth due to trauma. The Veteran did not have loss of substance of the maxilla or mandible. The examiner listed 16 missing teeth in all.

In this case, the evidence shows that tooth #9 is missing as a result of dental trauma in service. The July 2016 VA examination determined that the loss of tooth #9 is not due to the loss of substance of the maxilla or mandible. Based on this evidence, service connection for loss of tooth #9 is warranted for treatment purposes due to dental trauma. As there is no bony damage to the maxilla or mandible there is no basis for the payment of compensation. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102.


ORDER

Service connection for dental trauma to tooth #9 due to dental trauma, for VA treatment purposes only, is granted.


____________________________________________
BRADLEY W. HENNINGS 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs