James WOODSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–852.

United States Court of Veterans Appeals.

Nov. 7, 1995.

As Amended Nov. 13, 1995.

James Woodson, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Ralph G. Davis, Washington, DC, were on the brief, for appellee.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

FARLEY, Judge:

This is an appeal from a May 11, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which found that the appellant had not submitted a well-grounded claim for service connection for a dental condition. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the BVA decision.

## I.

The appellant served on active duty in the U.S. Army from February 1952 to February 1954. Record (R.) at 14. In December 1989, he filed an application with VA for medical benefits in order to have "nine teeth crowned," and alleged that the Army had extracted "eight teeth with no replacement," although an attempt was "made for a bridge & partial place [sic], but was never completed." R. at 16. VA attempted to locate the appellant's service medical and dental records, but was unable to find any or to reconstruct them (R. at 24, 28), apparently because they were destroyed in the 1973 National Personnel Records Center (NPRC) fire (*see* R. at 5, 53). In September 1990, the regional office (RO) issued a rating determination denying the appellant's claim, stating that there was "no evidence of dental trauma." R. at 28. The appellant filed a Notice of Disagreement in October 1990 (R. at 33–34), and a Statement of the Case was issued in November 1990 (R. at 40–42).

In January 1991, the appellant submitted a statement in which he reported that he had been having his teeth treated before he was drafted into service, and that seven teeth were removed when he was stationed at Camp Breckenridge, Kentucky. R. at 44–45. He also stated that he was sent to Germany, where medical personnel "started trying to make me some teeth to fill the missing places," but that the work was never completed. R. at 45. He also asserted that the absence of these teeth caused the remaining ones "to work so hard that they wore out. It cost [$]3,200.00 to get my teeth in shape to enable me to eat. . . . I feel that it is the responsibility of [VA] to pay for this dental work." *Ibid.* The RO made another request for the appellant's medical and dental records, but an official from the NPRC responded that they could not be reconstructed. R. at 50. In its May 1994 decision, the BVA found that the appellant had not submitted a well-grounded claim. R. at 7.

## II.

Section 5107(a) of title 38, U.S.Code, provides that "a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." The determination whether a claim is well grounded is a matter of law, which this Court reviews de novo. *See Grottveit v. Brown,* 5 Vet.App. 91, 92 (1993); *King v. Brown,* 5 Vet.App. 19, 21 (1993). The Court has defined a well-grounded claim as "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)]." *Murphy v.*

*Derwinski,* 1 Vet.App. 78, 81 (1990). "[W]here the determinative issue involves medical causation or a medical diagnosis, competent medical evidence to the effect that the claim is 'plausible' or 'possible' is required" to make a claim well grounded. *Grottveit,* 5 Vet.App. at 93.

The appellant has really presented two separate claims here: one for "the remaining work that needs·to be done to correct the dental problems that w[ere] caused while I was in the military service," and one for reimbursement of the approximately $3,000 he has already expended for dental work. Informal Brief at 3. The Court will consider separately whether each of these two claims is well grounded.

### A. Outpatient Dental Treatment

This is a case of first impression regarding what constitutes a well-grounded claim for outpatient dental treatment. In order to be entitled to outpatient dental treatment, a veteran must meet the criteria specified in one of the clauses of 38 U.S.C. § 1712(b)(1)(A)–(H). Only three of those clauses, § 1712(b)(1)(A)–(C), are relevant here.

#### 1. 38 U.S.C. § 1712(b)(1)(A)

■ Section 1712(b)(1)(A) of title 38, U.S.Code, provides that outpatient dental services and treatment may be furnished to veterans with service-connected, compensable "dental condition[s] or disabilit[ies]." *See also* 38 C.F.R. § 17.123(a) (1994). Such veterans "may be authorized any dental treatment indicated as reasonably necessary to maintain oral health and masticatory function. There is no time limit for making application for treatment and no restriction as to the number of repeat episodes of treatment." 38 C.F.R. § 17.123(a). Such eligibility is designated as "Class I" eligibility. *Ibid.*

However, the loss of teeth can be *compensably* service connected only if such loss is, inter alia, "due to loss of substance of body of maxilla or mandible without loss of continuity." 38 C.F.R. § 4.150, Diagnostic Code (DC) 9913 (1994); *see also* 38 C.F.R. § 4.149 (1994) (stating that "replaceable missing teeth ... may be considered service-connected solely for the purpose of determining entitlement to dental examinations or outpatient dental treatment under the provisions of § 17.120 or § 17.123 of this chapter," *see infra* part II.A.2); DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 994, 984 (28th ed. 1994) (the maxilla is one of the bones forming the upper jaw, and the mandible is the bone of the lower jaw). Therefore, the appellant has not presented a well-grounded claim for Class I eligibility because he has neither claimed nor submitted evidence that the removal of his teeth was due to damage to either of his jaws.

#### 2. 38 U.S.C. § 1712(b)(1)(B)

■ A veteran who has a service-connected, *noncompensable* dental condition or disability may, under certain specified conditions, utilize outpatient dental services and treatment. 38 U.S.C. § 1712(b)(1)(B); *see also* 38 C.F.R. § 17.123(b)(1), (2). The regulation characterizes such eligibility as "Class II" eligibility. *Ibid.* To be entitled to Class II eligibility, the dental condition or disability must be "shown to have been in existence at [the] time of discharge or release from active service," and, for veterans discharged before October 1, 1981:

(A) [The veteran must have been] discharged or released, under conditions other than dishonorable, from a period of active military, naval or air service of not less than 180 days[;]

(B) Application for treatment [must be] made within one year after such discharge or release[; and]

(C) [VA] dental examination [must be] completed within 14 months after discharge or release, unless delayed through no fault of the veteran.

38 C.F.R. § 17.123(b)(2)(i); *see also* 38 U.S.C. § 1712(b)(1)(B) (1981 amendment changed, inter alia, the application deadline to 90 days, but did not take effect until October 1, 1981, *see* Pub.L. No. 97–35, § 2002(a)(1), (b), 95 Stat. 357, 781–82 (1981)); 38 C.F.R. § 17.123(b)(1)(i) (regulation which applies to veterans discharged after September 30, 1981). Class II-eligible veterans are entitled to "any treatment indicated as rea-

sonably necessary for the *one-time correction* of the service-connected noncompensable condition." 38 C.F.R. § 17.123(b)(2)(i) (emphasis added); *see also* 38 U.S.C. § 1712(c).

The one-year limit for applying for treatment was first imposed by a 1957 statute which became effective on January 1, 1958. *See* Pub.L. No. 85–56, §§ 512, 2301, 71 Stat. 83, 112, 172 (1957). Since the veteran was discharged in 1954, that statute did not apply to him. However, in December 1955, the VA Administrator amended 38 C.F.R. § 17.123(b) to provide that a veteran seeking Class II eligibility had to apply for treatment "within 1 year after discharge or release, or by December 31, 1954." 38 C.F.R. § 17.123(b) (1956); 20 Fed.Reg. 9505 (1955). At that time, the authority for § 17.123 was Veterans Regulation No. 7(A), Exec.Order No. 6233, a very general provision entitled "eligibility for medical care." It authorized the VA Administrator (now the Secretary), "in his discretion," to furnish medical care to veterans, including "dental services." *Ibid.* Therefore, although the veteran was not required by statute to apply for outpatient dental treatment within one year of his discharge, he was required to do so by 38 C.F.R. § 17.123. Since he has submitted no evidence to establish that he applied for outpatient dental treatment within one year of his discharge, he cannot possibly meet the requirements of § 17.123(b) as they existed in 1955 or now. Accordingly, he has not submitted a well-grounded claim for Class II eligibility.

In *Mays v. Brown,* 5 Vet.App. 302 (1993), the Court found that 38 U.S.C. § 1712(b)(2), which provides that a veteran who has served 180 days or more must be provided with a written explanation of § 1712(b)(1)(B) at the time of discharge, and a signed statement acknowledging the receipt of such an explanation (or, if the veteran refuses to sign such a statement, a certification by an officer that such explanation was provided) must be included in the veteran's service records, had not been complied with. No statement or certification appeared in the record on appeal, and the Secretary failed to find one after the Court ordered him to conduct a search of VA and Air Force records. *Mays,*

5 Vet.App. at 306. The Court held: "[W]here the relevant [service department] has failed to comply with the notification provision set forth in 38 U.S.C.[] § 1712(b)(2), the application time limits set forth in 38 U.S.C.[] § 1712(b)(1)(B)(iii) and 38 C.F.R. § 17.123(b)(1)(i)(B) do not begin to run." *Ibid.*

However, *Mays* is inapplicable to this case. The linchpin of that decision, § 1712(b)(2), was not passed until 1981, and did not become effective until October 1, 1981. *See* Pub.L. No. 97–35, § 2002(a)(2), (b)(1). The appellant was discharged in 1954, and at that time the Army had no duty to notify him about the applicable time limit.

### 3. 38 U.S.C. § 1712(b)(1)(C)

 Class II(a) eligibility applies to "a service-connected noncompensable dental condition or disability adjudicated as resulting from combat wounds or service trauma." 38 C.F.R. § 17.123(c); *see also* 38 U.S.C. § 1712(b)(1)(C). Class II(a)-eligible veterans are entitled to "any treatment indicated as reasonably necessary for the correction of such service-connected noncompensable condition or disability." 38 C.F.R. § 17.123(c). However, as the Board correctly stated:

> [T]he veteran does not even contend that his tooth extractions or the dental condition which precipitated them were due to trauma that occurred in service. Rather, he states that he was receiving dental treatment before he was drafted into service for a condition which the Army subsequently treated by extracting the affected teeth.

R. at 7. Therefore, the appellant has also failed to present a well-grounded claim for Class II(a) eligibility. Since the evidence of record is insufficient to establish that the appellant is a member of Class I, Class II, or Class II(a), he has not submitted a "plausible" claim for entitlement to outpatient dental services, and the BVA decision must be affirmed in that regard.

### B. Reimbursement of Dental Expenses

 Section 1728(a) of title 38, U.S.Code, provides, in pertinent part:

(a) The Secretary may, under such regulations as the Secretary shall prescribe, reimburse veterans entitled to hospital care or medical services under this chapter for the reasonable value of such care or services ... for which such veterans have made payment, from sources other than the Department, where—

(1) such care or services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health;

(2) such care or services were rendered to a veteran in need thereof (A) for an adjudicated service-connected disability, (B) for a non-service-connected disability associated with and held to be aggravating a service-connected disability, (C) for any disability of a veteran who has a total disability permanent in nature from a service-connected disability, or (D) for any ... dental condition in the case of a veteran who (i) is a participant in a vocational rehabilitation program ... and (ii) is medically determined to have been in need of care or treatment to make possible such veteran's entrance into a course of training, or prevent interruption of a course of training, or hasten the return to a course of training which was interrupted because of such ... dental condition; and

(3) Department or other Federal facilities were not feasibly available, and an attempt to use them beforehand would not have been reasonable, sound, wise, or practical.

Although the BVA failed to apply 38 U.S.C. § 1728(a) expressly, the Court considers de novo whether a claim is well grounded. *See Grottveit, supra.* It is unclear from the record exactly what dental work was performed because the appellant has failed to submit any records regarding his recent dental treatment. Even if the dental work involved replacing the teeth which the veteran asserts were removed during· service, the requirements of § 1728(a)(2) would still not be met because the loss of the teeth has never been *adjudicated* to be a service-connected condition. However, the Court need not address the issue of whether that defect makes the claim not well grounded because, to be well grounded, a claim for reimbursement for medical expenses under § 1728(a) must be accompanied by "at least an implication that there was a medical emergency." *Parker v. Brown,* 7 Vet.App. 116, 119 (1994); *see also* 38 U.S.C. § 1728(a)(1). The appellant has at no point even implied that the postservice dental work was performed in a medical emergency. Therefore, the appellant's claim for reimbursement is not well grounded, and the Board's failure to consider § 1728(a) in connection with the appellant's claim is not an error prejudicial to the appellant. *See* 38 U.S.C. § 7261(b); *cf. Heuer v. Brown,* 7 Vet. App. 379, 387 (1995).

### III.

Upon consideration of the record, the appellant's informal brief, and the Secretary's brief, the May 11, 1994, decision of the Board of Veterans' Appeals is AFFIRMED.