RICH, Circuit Judge.
 

 James Woodson (Woodson) appeals á judgment of the United States Court of Veterans Appeals (CVA) in
 
 Woodson v. Brown, 8
 
 Vet.App. 352 (1995), affirming an 11 May 1994 decision of the Board of Veterans’ Appeals (BVA), which denied Woodson’s claim for service connection for a dental condition. We affirm-in-part and dismiss-in-part.
 

 Background
 

 Woodson served on active military duty from February 1952 to February 1954. In December 1989, he filed an application with the Department of Veterans Affairs (DVA) for dental benefits relating to .eight teeth that were extracted while he was serving with the military and to have nine teeth crowned. Woodson applied for, in effect, (1) reimbursement for private, post-service dental repair, and (2) entitlement to outpatient dental care from the DVA. The DVA attempted to locate Woodson’s service medical and dental records, but was unable to find any or to reconstruct them. The DVA subsequently denied his application.
 

 Woodson then appealed to the BVA. In his appeal, he claimed that, following the extractions, his remaining teeth had to compensate for the extracted teeth. This, he asserts, caused his remaining teeth to wear out prematurely, requiring costly private dental repair. In an 11 May 1994 decision, the BVA found that Woodson had failed to meet his threshold burden of presenting a well-grounded Claim for service connection for a dental condition.
 

 Following the BVA’s decision, Woodson appealed to the CVA. On 7 November 1995, the CVA affirmed the BVA’s decision and entered judgment on 29 November 1995. In its decision, the CVA applied 38 U.S.C. § 5107(a) (1994), which provides in pertinent part that “a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded.” The CVA has defined a well-grounded claim as “a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)].”
 
 Murphy v. Derwinski,
 
 1 Vet.App. 78, 81 (1990).
 

 In the instant case, the CVA first applied the burden stated in § 5107(a) to Woodson’s request for outpatient dental treatment under the three relevant clauses of 38 U.S.C. § 1712(b)(1) (i.e., § 1712(b)(1)(A), (B), and
 
 *1306
 
 (C)), finding that the ease was one of first impression concerning what constitutes a well-grounded claim for outpatient dental treatment. The court held that Woodson had not presented a well-grounded claim for “Class I” eligibility for outpatient treatment,
 
 see
 
 38 U.S.C. § 1712(b)(1)(A); 38 C.F.R. § 17.123(a) (1995), because he neither claimed nor submitted evidence that the removal of his teeth was due to damage to either of his jaws. 8 Vet.App. at 354;
 
 see
 
 38 C.F.R. § 4.150, Code 9913;
 
 see also
 
 38 C.F.R. § 4.149. It held that Woodson was not entitled to “Class II” eligibility,
 
 see
 
 38 U.S.C. § 1712(b)(1)(B); 38 C.F.R. § 17.123(b)(1), (2), because he had not submitted evidence that he had applied for outpatient dental treatment within one year after his discharge. 8 Vet.App. at 354-55;
 
 see
 
 38 C.F.R. § 17.123(b) (1956) (pertinent regulation requiring that a veteran seeking Class II eligibility had to apply for treatment “within 1 year after discharge or release, or by December 31, 1954”);
 
 cf.
 
 38 C.F.R. § 17.123(b)(2)(i) (1995) (related subsection of current version of regulation that applies to veterans discharged after 30 September 1981). The CVA held that Woodson was not entitled to notification of the one-year time limit because he was discharged in 1954, and the statute requiring notification, 38 U.S.C. § 1712(b)(2), did not become effective until 1 October 1981. 8 Vet.App. at 355;
 
 see
 
 Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97-35, sec. 2002(a)(2), (b)(1), 95 Stat. 357, 781-82 (amending 38 U.S.C. § 612(b), which became § 1712(b) by the Department of Veterans Affairs Codification Act, Pub.L. No. 102-83, sec. 5(a), 105 Stat. 378, 406 (1991)). The CVA also held that Woodson had not presented a well-grounded claim for “Class 11(a)” eligibility,
 
 see
 
 38 U.S.C. § 1712(b)(1)(C); 38 C.F.R. § 17.123(e), because he did not contend that his dental condition was the result of combat wounds or other service trauma. 8 Vet.App. at 355. Thus, the CVA concluded that Woodson’s claim for outpatient dental treatment was not well-grounded.
 

 The CVA then addressed Woodson’s request for reimbursement for private, post-service dental repair. It held that Wood-son’s claim for reimbursement was also not well-grounded because it was not accompanied by at least an implication that the services were rendered in a medical emergency. 8 Vet.App. at 356;
 
 see
 
 38 U.S.C. § 1728(a)(1);
 
 Parker v. Brown,
 
 7 Vet.App. 116, 119 (1994).
 

 Before the CVA, Woodson asserted that, if his medical records had not been lost, he .would have been able to establish service connection for his dental problems. The CVA took the lost records into account, noting that the records were apparently destroyed in the 1973 National Personnel Record Center fire. 8 Vet.App. at 353. It is uncontested that this loss was not due to any fault on Woodson’s part. Woodson further argues, that not enough effort has been made to reconstruct his service records. In response, the government asserts that the loss of Woodson’s records is not material in this appeal.
 

 II
 

 Standard op Review
 

 Not every decision entered by the CVA is appealable to the Federal Circuit. Pursuant to 38 U.S.C. § 7292(a), we may review a decision of the CVA “with respect to the validity of any statute or regulation ... or any interpretation thereof (other than-a determination as to a factual matter) that was relied upon by the [CVA] in making the decision.” We “shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [CVA] that [we find] to be—
 

 “(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 

 “(B) contrary to constitutional right, power, privilege, or immunity;
 

 “(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 

 “(D) without observance of procedure required by law.”
 

 38 U.S.C. § 7292(d)(1). Further, “[ejxcept to the extent that an appeal ... presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B)
 
 *1307
 
 a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet any of these criteria, § 7292(d) requires us to dismiss the appeal.
 

 ill
 

 Analysis and Conclusion
 

 We detect no reversible error in the CVA’s interpretation of § 5107(a)’s requirement that a claim be “well grounded,” and its concomitant interpretation of the eligibility requirements of 38 U.S.C. §§ 1712(b)(1) and 1728(a).
 

 Woodson asserts that under the facts of his case, he has presented well-grounded claims for reimbursement of his post-service dental repair and for entitlement to outpatient dental care from the DVA. Under 38 U.S.C. § 7292(d)(2)(B), we are not permitted to review the CVA’s application of statutes and regulations to the facts of Woodson’s case. We note, however, he never asserted that the extractions were due to damage to either of his jaws (required for Class I eligibility) or that he applied for outpatient treatment within one year after his discharge (required for Class II eligibility) or that his dental condition was the result of combat wounds or service trauma (required for Class 11(a) eligibility). Further, he asserted in a January 1991 statement that he had been having his teeth treated before he was drafted into service, 8 Vet.App. at 353, which particularly bolsters the CVA’s holding that he cannot meet the Class 11(a) eligibility requirements, For these reasons, we agree with the government’s assertion that the loss of Woodson’s records is not material to this appeal. We do not decide, therefore, what effect, if any, the loss of a veteran’s records due to no fault of the veteran (e.g., here where a fire in a government building allegedly destroyed Woodson’s medical and dental records) has on that veteran’s burden of proof under § 5107(a) when the lost records may be necessary to establish eligibility for benefits.
 

 Woodson also disagrees with some of the CVA’s factual determinations. We do not have jurisdiction to review these challenges.
 
 See
 
 38 U.S.C. § 7292(a), (d)(1), (d)(2)(A).
 

 To the extent that Woodson’s appeal challenges the CVA’s interpretation of 38 U.S.C. §§ 1712(b)(1), 1728(a), or 5107(a), we affirm the CVA’s decision. To the extent that his appeal challenges the CVA’s factual determinations and its application of law to those determinations, we dismiss for lack of jurisdiction.
 

 No cost.
 

 AFFIRMED-IN-PART MISSED-IN-PART. and DIS-