KRAMER, Chief Judge,
concurring in the result:
I agree with the majority that a remand is required in this case because the Board of Veterans’ Appeals (Board or BVA) erred by limiting its review to whether a VA physician had determined under 38 C.F.R. § 17.121 (2001) that an emergency had ended. However, I disagree with the majority’s holding that the Board may review only whether the VA physician’s decision was based on sound medical judgment. For the reasons discussed below, I believe that § 17.121 is invalid to the extent that it is inconsistent with the statutory requirements of 38 U.S.C. §§ 5107(b) and 7104(a).
In its decision on appeal, the Board, based on § 17.121, found that the private physicians’ opinions had “little probative value” in determining whether the emergency had ended before the appellant’s transfer to Southwest Florida Regional Medical Center (Southwest Florida). Record (R.) at 6. The Board concluded that there was no legal basis upon which it could have granted the claim, because only a VA physician is empowered to determine whether an emergency had ended and because in this case a VA physician had concluded that the emergency had ended before the appellant was transferred to Southwest Florida. R. at 6.
The thrust of the appellant’s argument as to why § 17.121 is invalid is that, under the regulation, a decision by a VA physician as to whether an emergency has ended is conclusive and thus not renewable by the Board. The Secretary counters that such a legal decision is reviewable but only as to whether the decision was “based on sound medical judgment,” 38 C.F.R. *152 § 17.121. That regulation provides that “an emergency shall be deemed to have ended at that point when a VA physician has determined that, based on sound medical judgment, a veteran ... could have been transferred from the non-VA facility to a VA medical center ... or ... could have reported to a VA medical center for continuation of treatment for the disability.” 38 C.F.R. § 17.121.
“The Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws.” 38 U.S.C. § 501(a) (emphasis added). Neither the reimbursement statute, 38 U.S.C. § 1728, nor the implementing regulations, 38 C.F.R. §§ 17.120 and 17.121, expressly addresses BVA review.
Nonetheless, “[a]ll questions in a matter which under [38 U.S.C. § ] 511(a) ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board.” 38 U.S.C. § 7104(a); see also 38 C.F.R. § 17.132 (2001) (after denial of claim made under 38 U.S.C. § 1728, “claimant shall be notified ... of the right to initiate an appeal to the Board....”). According to the plain language of section 7104(a), all section 511(a) questions, including whether an emergency has ended (as contrasted with the more limited question of whether a VA physician’s decision was based on sound medical judgment) are subject to BVA review. See Cotton v. Brown, 7 Vet.App. 325, 327 (1995). Accordingly, such BVA review is “based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation,” 38 U.S.C. § 7104(a), and must therefore include fact finding and development of the evidence where appropriate, see Cotton, 7 Vet.App. at 327-29 (remanding where Board made factual finding that there was no emergency at time that appellant was admitted to private hospital but Board failed to consider private doctor’s statement on that issue); Hennessey v. Brown, 7 Vet.App. 143, 147 (1994) (remanding for, inter alia, “further evidentia-ry development as to whether the appellant’s condition constituted an emergency ... and ... whether a VA facility was ‘feasibly available’ for the recommended surgery”). By statute, therefore, the Board’s review of section 511(a) matters is plenary, without restrictions on the questions or evidence of record the Board may consider.
Moreover, as part of the Board’s review, “[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the [Board] shall give the benefit of the doubt to the claimant.” 38 U.S.C. § 5107(b); see Gilbert v. Derwinski, 1 Vet.App. 49, 54 (1990) (“when a veteran seehs benefits and the evidence is in relative equipoise, the law dictates that veteran prevails”). As to the Secretary’s argument that the section 5107(b) benefit-of-the-doubt rule does not apply to § 17.121 decisions, evidentiary determinations $s to whether there was an emergency are clearly subject to chapter 51 of title 38 of the U.S.Code, including the benefit-of-the-doubt rule. See Cotton and Hennessey, both supra; see also Woodson v. Brown, 8 Vet.App. 352, 356 (1995), aff'd in pertinent part, 87 F.3d 1304, 1307 (Fed.Cir.1996) (holding that appellant’s section 1728 claim was not well grounded under former 38 U.S.C. § 5107(a)); Parker v. Brown, 7 Vet.App. 116, 119 (1994) (same). If BVA review is limited to whether the VA physician’s determination was based on sound medical judgment, the possibility of equipoise, and therefore the benefit of the doubt, is eliminated because the Board *153 would be required to accept a VA physician’s opinion as conclusive if based on sound medical judgment, even though it might not be persuasive enough to meet the equipoise threshold. In other words, a construct requiring the Board to accept as conclusive a VA physician’s determination based on sound medical judgment would not take into account the possibility that two physicians, both exercising sound medical judgment, could have rendered diametrically opposed opinions and that one could be more persuasive than, or at least equally persuasive as, the other. In this regard, the Court notes that a VA physician’s opinion is not necessarily the most credible evidence in a particular case. The Court has long held that a specific physician is not to be given preferred status, let alone determining status, and that eviden-tiary determinations — including assessing credentials and credibility of medical opinions — are to be based on all the evidence of record. See Guerrieri v. Brown, 4 Vet.App. 467, 471-73 (1993); see also White v. Principi, 243 F.3d 1378, 1381 (Fed.Cir.2001).
Accordingly, I would hold that, to the extent that it restricts BVA review of a VA physician’s decision, § 17.121 is invalid because it is inconsistent with the veterans’ benefits statutory scheme, specifically sections 5107(b) and 7104(a). See 38 U.S.C. § 501.