NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7042

LLOYD WILLIAMS,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: November 5, 2004

_____

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

Lloyd Williams appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision by the Board of Veterans' Appeals ("Board") denying Mr. Williams's request for an earlier effective date for an award of service connection for post-traumatic stress disorder. Williams v. Principi, No. 02-1352 (Vet. App. September 16, 2003). Because statutorily we do not have jurisdiction to review the factual determinations of the Veterans Court or the Veterans Court's application of law to facts, we dismiss the appeal.

## I.    BACKGROUND

Mr. Williams served on active duty in the U.S. Army from December 1967 to December 1969, during which time he was stationed in Vietnam. On September 6, 1983, Mr. Williams filed a claim with the Veterans Administration (VA) for an award of service connection for Post Traumatic Stress Disorder (PTSD) and other non-psychiatric disabilities. In January 1984, the VA Regional Office ("RO") determined that the evidence submitted did not establish service connection for any of Mr. Williams's September 1983 claims.

On September 9, 1986, Mr. Williams filed a claim with the RO for a series of non-psychiatric ailments and three psychiatric disabilities: somatic and emotional distress, schizophrenic paranoid type, and PTSD. The RO treated Mr. Williams's 1986 claim as a request to reopen his claim that was disallowed in 1984. Mr. Williams's 1986 claim was denied on the grounds that he had not submitted new and material evidence justifying a change in the RO's previous decision.

On January 7, 1987, Mr. Williams filed a timely Notice of Disagreement indicating his intention to appeal the RO decision denying his 1986 claim. As required by 38 U.S.C. § 7105(d)(1), the RO provided Mr. Williams with a Statement of the Case identifying the issues with which disagreement had been expressed. Included among the issues identified was whether Mr. Williams had submitted new and material evidence warranting a change in prior decisions denying service connection for "a nervous condition." After a hearing regarding Mr. Williams's claim, the RO maintained its rating decision that Mr. Williams was not entitled to service connection for any of his

claims, including "paranoid personality with history paranoid schizophrenia" and "Post Traumatic Stress Disorder."

In November 1987, Mr. Williams appealed the RO's continued rating decision. In a decision issued October 17, 1990, the Board of Veterans' Appeals determined that Mr. Williams had not established that "any current acquired psychiatric disorder is related to service." The Board also held that Mr. Williams had not submitted evidence justifying the reopening of his previously denied claim.

On February 18, 1992, Mr. Williams submitted correspondence to the RO that was treated as a request to reopen his claim for service connection for an acquired psychiatric disorder. After protracted correspondence with Mr. Williams and a 1997 appeal to the Board, the RO issued a rating decision in May 1999 that found a service connection for Mr. Williams's PTSD with a 100% rating. The rating decision was made effective as of February 18, 1992, the date that Mr. Williams filed his reopened claim.

Mr. Williams appealed the effective date of the rating decision, claiming that the associated benefits should relate back to 1970. In June 2002, the Board affirmed the assigned effective date in accordance with 38 U.S.C. § 5110(a), which provides that the effective date of a claim reopened after final adjudication shall not be earlier than the date that the application for the reopened claim was received. Mr. Williams, acting pro se, appealed the Board's 2002 decision to the Veterans Court where he argued that the recommendations of an Army doctor who treated him while in Vietnam had been ignored and that the Board had not properly considered certain Army regulations. Slip op. 3. The Veterans Court held that Mr. Williams had not demonstrated how correction

of these alleged errors would entitle him to an effective date earlier than February 18, 1992 and affirmed the 2002 Board decision. Id.

Mr. Williams, now represented by counsel, has appealed to this court to vacate the Veterans Court's decision and remand for further adjudication of his entitlement to an earlier effective date. Before this court, Mr. Williams alleges for the first time that there were deficiencies in the Statement of the Case provided prior to the 1990 Board decision and that those deficiencies deprived the Board of the authority to issue a final decision on Mr. Williams's 1986 claim of service connection for PTSD. Specifically, Mr. Williams asserts that the Statement of the Case failed to independently address each of the psychiatric diagnoses for which he had claimed benefits and instead collectively treated the independent diagnoses under the heading "nervous condition." In support of his assertion that this treatment was improper, Mr. Williams relies heavily on particularized interpretations of the procedural statutes providing for review of veterans' claims by the Board, 38 U.S.C. §§ 7102 - 7105. For the reasons explained below, we do not have jurisdiction to hear Mr. Williams's appeal.

## II. DISCUSSION

This court's jurisdiction to review decisions by the Veterans Court is narrowly circumscribed by the provisions of 38 U.S.C. § 7292. Forshey v. Principi, 284 F.3d 1335, 1338 & 1353 (Fed. Cir. 2002) (en banc). The jurisdictional grant is found in 38 U.S.C. § 7292(a) which states that this court may review decisions of the Veterans Court with respect to "validity of . . . a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on" by the Veterans Court. 38 U.S.C. § 7292(a). The statute expressly withholds

the authority to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" except with regard to constitutional issues. 38 U.S.C. § 7292(d)(2). If a case does not meet the very limited criteria specified by 38 U.S.C. § 7292, we do not have jurisdiction to hear it and must dismiss the appeal. Woodson v. Brown, 87 F.3d 1304, 1307 (Fed. Cir. 1996).

At its core, Mr. Williams's case reduces to the assertion that the effective date of his award was improperly determined by the Board and the Veterans Court because the 1990 Board decision did not actually resolve his PTSD claim. Fundamental to this argument are the facts surrounding the content of Mr. Williams's submitted claims, the language used in the denial of those claims, the terminology of the Statement of the Case and the substance of his subsequent appeals. Although Mr. Williams relies heavily on particular interpretations of certain procedural statutes, at best this argument is a request to apply issues of law, which were not presented below, to particular facts, many of which were not determined below. We are without authority to grant the relief requested. 38 U.S.C. § 7292(d)(2).

CONCLUSION

For the foregoing reasons, we dismiss Mr. Williams's appeal for lack of jurisdiction.

No costs.