﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200320-72627
DATE: May 29, 2020

ORDER

Service connection for left little finger traumatic scar is denied.

Service connection for a right knee disability is denied.

Service connection for residuals of pharyngitis with history of upper respiratory infection is denied.

Service connection for a right ankle disability is denied.

Service connection for hypertrophied tonsils is denied.

Service connection for an undescended right testicle is denied.

Service connection for a dental disability, for the purposes of VA compensation, is denied.

FINDINGS OF FACT

1. The Veteran does not have a current left little finger scar.

2. A current right knee disability was not present in service or for years thereafter, and is not etiologically related to service.

3. The Veteran does not have any current residuals of pharyngitis with history of upper respiratory infection.

4. The Veteran does not have a current right ankle disability.

5. The Veteran does not have a current diagnosis of hypertrophied tonsils.

6. The Veteran's undescended right testicle existed prior to service and was not permanently worsened as a result of service.

7. The evidence does not show that the Veteran's tooth extraction was due to bone loss of the body of the maxilla or the mandible as a result of trauma or disease during service.

CONCLUSIONS OF LAW

1. The criteria for service connection for left little finger traumatic scar have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

2. A right knee disability was not was not incurred or aggravated during active duty. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

3. The criteria for service connection for residuals of pharyngitis with history of upper respiratory infection have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

4. The criteria for service connection for a right ankle disability have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

5. The criteria for service connection for hypertrophied tonsils have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

6. The criteria for service connection for an undescended right testicle have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303, 3.306 (2019).

7. The criteria for service connection for tooth extraction for compensation purposes have not been met. 38 U.S.C. §§ 1110 (2012); 38 C.F.R. §§ 3.381, 4.150.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1960 to February 1964. 

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA) was signed into law. This law creates a new framework for veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

Following the issuance of a January 2020 rating decision, the Veteran opted into the AMA review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in March 2020. The Veteran requested direct review of the evidence considered by the AOJ. Accordingly, the Board will consider the evidence of record as of the date of the January 2020 decision.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a).

Establishing service connection generally requires (1) evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303.

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

With chronic diseases shown as such in service, or within the presumptive period after service, so as to permit a finding of service connection, subsequent manifestation of the same chronic disease at any later date, however remote, are service-connected unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303 (b). Section 3.303(b) does not apply to any condition that has not been recognized as chronic under 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Where a veteran served for at least 90 days during a period of war and manifests certain chronic disabilities, including arthritis, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2019); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), (citing Gilbert, 1 Vet. App. at 54).

1. Service connection for left little finger traumatic scar

Service treatment records show a notation on a January 1964 examination of a 2-inch traumatic scar of the left fifth finger. 

Post-service medical evidence does not show a scar of the left little finger. In this regard, in December 2019, the VA was notified that the Veteran had not reported for the scheduled examination for his claimed left fifth finger scar, and it was therefore, cancelled. In the January 2020 rating decision, the AOJ informed the Veteran that as he had missed his scheduled VA examination, medical evidence that could have been used to support his claim was not available. The AOJ also informed the Veteran that he should contact them upon his availability to report for a VA examination. Despite these notifications, the Veteran has not responded to VA or provided any reasoning for missing the examination that would constitute good cause. He has not asserted that he never received notice of his scheduled examination.

Because the Veteran has not presented any explanation for his failure to report for his scheduled VA examination, the Board finds that good cause has not been shown for the Veteran's failure to report for his scheduled examination. The Board emphasizes that the duty to assist a claimant is not a one-way street, and in this case the Veteran has failed to cooperate to the full extent in the development of his claim. Wood v. Derwinski, 1 Vet. App. 406 (1991); 38 C.F.R. § 3.655. Where entitlement to a benefit cannot be established or confirmed without a current VA examination and the Veteran fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. 38 C.F.R. §§ 3.655 (a)-(b) (2019). In view of the foregoing, the Board concludes that there is no duty to attempt to provide another examination or medical opinion. And, as VA has fulfilled the duty to notify and assist to the extent possible, the Board may consider the merits of this appeal, without prejudice to the Veteran. Bernard v. Brown, 4 Vet. App. 384, 394 (1993). As such, the Veteran’s service connection claim has been rated based on the evidence of record. 38 C.F.R. § 3.655.

Whether service connection is claimed on direct, presumptive, or any other basis, a necessary element for establishing such a claim is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321(2007).

In this case, while the Veteran has reported having a scar of the left fifth finger, there is no confirmation in the medical evidence that the Veteran has had a current scar of the left fifth finger since the filing of his claim. 

In light of the absence of any competent evidence of a scar of the left fifth finger during the pendency of this appeal, this claim must be denied. In reaching this decision, the Board has considered the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102

2. Service connection for a right knee disability

Service treatment records show the Veteran was treated for a small laceration on the right knee in November 1961. The knee was cleaned and bandaged, and he was given a tetanus booster. In January 1962, he complained of dull pain in the right knee. X-ray showed small calcification in the joint, but symptoms were not severe enough for a prescription. No right knee disability was noted at discharge.

The post-service medical evidence of record shows the Veteran has been diagnosed with a right knee disability, including degenerative arthritis. See September 2019 VA examination report. None of these records indicates that the Veteran’s current right knee disability is related in any way to his active military service.

In this regard, the September 2019 VA examiner, opined that the claimed right knee disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. In an October 2019 addendum, the examiner explained that although the Veteran complained of dull pain the right knee with occasional clicking sensation on twisting or rotary motion, and x-ray showed small area of calcification; the radiologist read the x-ray as normal. The examiner concluded that the right knee condition during service was acute only and there is no evidence of chronicity of care. He noted further that there is a temporal gap of 55 years in treatment, and therefore, a nexus has not been established. There is no contradictory medical opinion of record.

Service connection is possible for disabilities first diagnosed after service, and the lack of evidence of a disorder in the service treatment records is not fatal to a claim for service connection. However, given that the right knee symptoms in service resolved prior to the Veteran's discharge and the decades-long gap between service and the first notation of right knee symptoms, the Board does not find the Veteran's accounts of right knee symptoms since service to be credible. As such, the Board finds the September 2019 VA examiner's opinion is supported, and another examination is not necessary.

There is no other medical evidence of record, VA or private showing that the Veteran's current right knee disability is related to his active military service.

The presumption of service connection for chronic diseases diagnosed within one year following discharge from active duty is also not applicable to this case because the evidence demonstrates that right knee arthritis was initially shown more than one year after the Veteran's discharge from service.

With regard to the years-long evidentiary gap in this case between active service and a current right knee disability, the Board notes that this passage of time weighs significantly against a finding of service connection for a right knee disability. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

The Veteran is competent to report the symptoms and onset of his right knee disability; however, it would require medical expertise to say that a current right knee disability, diagnosed many years after service, is related to service. The Veteran, as a layperson, is not qualified to render an opinion concerning the medical cause of his right knee disability. 38 C.F.R. § 3.159 (a)(1), (2) (2019).

There is no competent evidence relating the Veteran's post-service right knee disability to any event in his active service. Absent such evidence, the Veteran's claim must be denied. Accordingly, the Board must conclude that the preponderance of the evidence is against the claim, reasonable doubt does not arise, and the claim is denied. 38 U.S.C. § 5107 (b) (2012).

3. Service connection for residuals of pharyngitis with history of upper respiratory infection

Service treatment records show a diagnosis of acute pharyngitis in March 1960 and acute pharyngitis due to an unknown cause in July 1963.

Post-service medical evidence does not show any current residuals of the acute pharyngitis noted in service. In this regard, a September 2019 VA examiner was unable to confirm chronic sinusitis, rhinitis or other condition of the nose, throat, larynx or pharynx with available medical records and on examination at that time. There was no objective evidence found on examination or in current medical records to support a diagnosed chronic condition. As such, the examiner opined that the claimed residuals of pharyngitis with history of upper respiratory infection was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The rationale was that the condition noted during service was acute only and there was no evidence of chronicity of care, and therefore, a nexus had not been established. There is no contradictory medical opinion of record.

There is no other evidence of record, VA or private, showing a current diagnosis of pharyngitis or any residuals thereof.

Whether service connection is claimed on direct, presumptive, or any other basis, a necessary element for establishing such a claim is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321(2007).

In this case, while the Veteran has reported suffering from residuals of pharyngitis, there is no confirmation in the medical evidence that the Veteran has had current pharyngitis or any residuals of pharyngitis, since the filing of his claim. VA does not generally grant service connection for symptoms alone, without an identified basis for those symptoms. VA needs to identify a disability, not symptoms of a disability. Accordingly, service connection cannot be granted for symptoms of a disability.

In light of the absence of any competent evidence of pharyngitis or any residuals of pharyngitis, during the pendency of this appeal, this claim must be denied. In reaching this decision, the Board has considered the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

4. Service connection for a right ankle disability

Service treatment records show treatment for a right ankle sprain in April 1960 and October 1963. January 1964 examination noted the right ankle had been treated and showed no sequelae.

Post-service medical evidence does not show a currently diagnosed right ankle disability. In this regard, on VA examination in September 2019, the examiner noted the Veteran had an acute right ankle sprain in January 1964 that had resolved. Physical examination of the ankle was normal, and the Veteran reported no current ankle condition and no current treatment for an ankle condition. As such, the examiner opined that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The rationale was that the right ankle sprain during service was acute only, there is no evidence of chronicity of care, and therefore, a nexus had not been established. There is no contradictory medical opinion of record.

There is no other evidence of record, VA or private, showing a current diagnosis of a right ankle disability.

Whether service connection is claimed on direct, presumptive, or any other basis, a necessary element for establishing such a claim is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321(2007).

In this case, while the Veteran has reported suffering from a right ankle disability, there is no confirmation in the medical evidence that the Veteran has had a current diagnosis of a right ankle disability since the filing of his claim. VA does not generally grant service connection for symptoms alone, without an identified basis for those symptoms. VA needs to identify a disability, not symptoms of a disability. Accordingly, service connection cannot be granted for symptoms of a disability, such as pain.

In light of the absence of any competent evidence of a right ankle disability during the pendency of this appeal, this claim must be denied. In reaching this decision, the Board has considered the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

5. Service connection for hypertrophied tonsils

Service treatment records show the Veteran had acute tonsillitis in February, August and September 1960 and July 1963. In October 1960, it was noted that his tonsils were large, but not chronically infected. A tonsillectomy was not indicated at that time. On Discharge examination in January 1964, it was noted that he had recurrent bouts of tonsillitis in 1960 and 1963 that were treated with no complications and no sequelae. 

Post-service medical evidence does not show a current diagnosis of hypertrophied tonsils or tonsillitis. In this regard, as noted above, a September 2019 VA examiner was unable to confirm chronic sinusitis, rhinitis or other condition of the nose, throat, larynx or pharynx with available medical records and on examination at that time. There was no objective evidence found on examination or in current medical records to support a diagnosed chronic condition. As such, the examiner opined that the claimed hypertrophied tonsils with enlarged swollen tonsils and difficulty swallowing was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The rationale was that the condition noted during service was acute only and there was no evidence of chronicity of care, and therefore, a nexus had not been established. There is no contradictory medical opinion of record.

There is no other evidence of record, VA or private, showing a current diagnosis of hypertrophied tonsils or tonsillitis.

Whether service connection is claimed on direct, presumptive, or any other basis, a necessary element for establishing such a claim is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321(2007).

In this case, while the Veteran has reported suffering from hypertrophied tonsils, there is no confirmation in the medical evidence that the Veteran has had a current diagnosis of hypertrophied tonsils or any other disorder of the tonsils, since the filing of his claim. VA does not generally grant service connection for symptoms alone, without an identified basis for those symptoms. VA needs to identify a disability, not symptoms of a disability. Accordingly, service connection cannot be granted for symptoms of a disability, such as swollen tonsils and difficulty swallowing.

In light of the absence of any competent evidence of hypertrophied tonsils or any other tonsil disorder, during the pendency of this appeal, this claim must be denied. In reaching this decision, the Board has considered the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

6. Service connection for an undescended right testicle

If a pre-existing disorder is noted upon entry into service, service connection may be granted based on aggravation during service of that disorder. 38 U.S.C. § 1153; 38 C.F.R. § 3.306 (b). A pre-existing injury or disease will be considered to have been aggravated by service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306. Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306 (b); Falzone v. Brown, 8 Vet. App. 398, 402 (1995). Clear and unmistakable evidence (obvious or manifest) is required to rebut the presumption of aggravation where the pre-service disability underwent an increase in severity during service. 38 C.F.R. § 3.306 (b); see also Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). Temporary or intermittent flare-ups of symptoms of a pre-existing condition alone are not sufficient to be considered "aggravation in service"; rather, aggravation requires a worsening of the underlying condition as a whole. Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991).

Service connection for congenital or developmental defect is precluded by 38 C.F.R. §§ 3.303 (c), 4.9. VA's Office of the General Counsel has distinguished between congenital or developmental defects, for which service connection is precluded by regulation, and congenital or hereditary diseases, for which service connection may be granted, if initially manifested in or aggravated by service. O.G.C. Prec. Op. 82-90, 55 Fed. Reg. 45711 (1990); O.G.C. Prec. Op. 67-90, 55 Fed. Reg. 43253 (1990). Defects were defined as "structural or inherent abnormalities or conditions that are more or less stationary in nature." O.G.C. Prec. Op. 82-90, 55 Fed. Reg. 45711 (1990). However, congenital or development defects may be service-connected where a superimposed injury occurs during, or as a result of, active service. VAOPGCPREC 82-90.

The Veteran's claimed undescended right testicle fits squarely within the confines of conditions which are congenital or developmental defects, as the Veteran's testicle not having descended in the course of his physiological development was certainly present prior to his entry into service and not impacted by any course of events related to service. As service documents make apparent, the Veteran's undescended right testicle was quite clearly noted upon service entry in January 1960. In February 1961, they considered no need for surgery. It remained asymptomatic in May 1963 and at discharge in January 1964.

In this case, the Veteran does not contend, and the evidentiary record does not reflect, a superimposing disability upon that congenital or developmental defect. Accordingly, service connection must be denied.

7. Entitlement to compensation for tooth extraction

With regard to dental and oral conditions, VA compensation is only available for certain conditions listed under 38 C.F.R. § 4.150, including conditions of the mandible, maxilla, ramus, condyloid process, coronoid process, hard palate, and loss of teeth due to loss of substance of the body of the maxilla or mandible. See 38 C.F.R. § 4.150, DCs 9900-9916.

Compensation is available for loss of teeth only if such is due to the loss of substance of body of maxilla or mandible, and where bone loss through trauma or disease, such as osteomyelitis, is shown. The loss of the alveolar process as a result of periodontal disease is not considered disabling. See 38 C.F.R. § 4.150, DC 9913. In addition, to be compensable, the lost masticatory surface for any tooth cannot be restorable by suitable prosthesis. Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease will be considered service connected solely for the purpose of establishing eligibility for outpatient dental treatment and cannot be considered for compensation purposes. 38 U.S.C. § 1712; 38 C.F.R. §§ 3.381, 4.150.

Service treatment records show that in September 1960, the Veteran had tooth #31 extracted for caries and nothing traumatic was noted. The remaining service treatment records are silent for any residuals or further treatment regarding his teeth.

The evidence does not show that the Veteran's tooth removal in service was due to bone loss of the body of the maxilla or the mandible as a result of trauma or osteomyelitis during service. The Veteran's service treatment dental records document that the Veteran's tooth was removed in service for being carious, and not due to any dental trauma or disease during service. Pursuant to Nielson v. Shinseki, 607 F.3d 802, 804 (Fed. Cir. 2010), service trauma, as defined in 38 U.S.C. § 1712 (a)(1)(C), is "an injury or wound produced by an external physical force during the performance of military duties, and does not include the intended result of proper medical treatment." Therefore, the Veteran's tooth extraction procedure cannot be considered as dental trauma for compensation purposes so long as the medical treatment was proper. There is no evidence in this case to show that the Veteran suffered dental trauma due to improper treatment in service.

Based on the medical evidence of record, the Board concludes that the Veteran's claim for entitlement to service connection for the extraction of a tooth, for the purposes of VA compensation, is denied. In reaching this decision, the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran's claim, the doctrine does not apply. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

As a concluding point, the Board notes that a claim for service connection for a dental disorder is also a claim for VA outpatient dental treatment. Mays v. Brown, 5 Vet. App. 302 (1993). However, there are no documents of record indicating this claim was adjudicated. See 38 C.F.R. § 3.381, 17.161. As this has not been adjudicated by the RO, the Board does not have jurisdiction over it, and this matter is referred to the RO for appropriate action. 38 C.F.R. § 19.9 (b).

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board F. Yankey, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.